### THE FRANK J. FOBERT.
### WESTCHESTER FIRE INS. CO. v. BUFFALO HOUSE WRECKING & SALVAGE CO.

#### No. 2100.

District Court, W. D. New York.

March 11, 1940.

Purdy & Lamb, of New York City, and Brown, Ely & Richards, of Buffalo, N. Y. (W. A. Eldridge, of Buffalo, N. Y., of counsel), for libellant.

Wilcox & Van Allen, of Buffalo, N. Y. (Selby G. Smith, of Buffalo, N. Y., of counsel), for respondent.

KNIGHT, District Judge.

This is a motion by libellant to strike from respondent's answer the demand for a jury trial and place the cause on the Admiralty calendar for trial without a jury. The respondent also moves for leave to amend its answer to include the allegation, in substance, that the barge in question was of 20 tons burden or upward and enrolled and licensed for the coasting trade. Without objection the motion to amend is allowed.

Libel is brought by an underwriter, claiming to be subrogated to the rights of a barge owner, to recover damages to a canal barge for alleged negligence in shipping, contrary to the freighting agreement, a cargo of explosive materials. The cargo was loaded at New Haven, Conn., for carriage to Buffalo, New York. It proceeded through Long Island Sound to Hudson River, thence to Waterford, New York, via the Hudson River, and then by way of the Barge Canal to the vicinity of Lyons, New York, on the Barge Canal, where it caught fire and sustained damages allegedly due to spontaneous combustion. A jury trial is demanded by respondent by virtue of the provisions of 28 U.S.C. § 770, 28 U.S.C.A. § 770, (R.S. §§ 566, 648). The pertinent provision of such section reads: "In causes of admiralty

* * * relating to any matter of contract or tort arising upon or concerning any vessel of twenty tons burden or upward, enrolled and licensed for the coasting trade, and at the time employed in the business of commerce and navigation between places in different States and Territories upon the lakes and navigable waters connecting the lakes, the trial of issues of fact shall be by jury when either party requires it."

This is a suit in admiralty. Jurisdiction in admiralty is given the Federal Court by virtue of Article III, section 2, of the Constitution and statutory enactments under it. The Judiciary Act of 1789, 1 Stat. 73, gave the District Courts exclusive jurisdiction of civil causes in admiralty. The Act of 1845, 5 Stat. 726, purported to extend the jurisdiction of the District Court in certain cases to "The lakes and the navigable waters connecting the same." The latter enactment was adopted from the belief that admiralty jurisdiction theretofore was limited to tidal waters. The Supreme Court, however, held that such jurisdiction extended as well to "the lakes and navigable waters connecting the same." The Genesee Chief v. Fitzhugh, 12 How. 443, 451, 13 L.Ed. 1058; The Eagle, 8 Wall. 15, 19 L.Ed. 365. In the last mentioned case, the Act of 1845 was held effective insofar as it reserved the right to a jury trial. The Revised Statute, Section 556, 28 U.S.C. 770, 28 U.S.C.A. § 770, hereinbefore quoted continued the provisions of the Act of 1845 relative to the trial by jury.

Jury trial is prohibited except in the cases specified in section 770, supra. Admittedly the vessel in question was "of twenty tons burden or upward, [and] enrolled and licensed for the coasting trade."

The question for decision is whether the vessel was engaged upon a voyage "between places in different States and Territories upon the lakes and navigable waters connecting the lakes." In view of the fact that this statute is a limitation of the authority of the courts in admiralty, it must be strictly applied. Gillet v. Pierce, 10 Fed.Cas. 388, No. 5,437; The City of Toledo, D. C., 73 F. 220. The case presents an unusual situation. The Barge Canal is navigable. It lies wholly within the State of New York. It is navigable from Oswego, New York, on Lake Ontario, to Buffalo, New York, on Lake Erie. Part of the course between these points is

through inland lakes and the Niagara River, which directly connects Lake Erie and Lake Ontario. The vessel was engaged in a voyage "between places in different States" and upon "navigable waters connecting the Lakes." The different states through which the voyage was being taken were not upon the "lakes and navigable waters connecting the lakes." In other words, the State of Connecticut is not upon such lakes or navigable waters.

A study of the admiralty statutes and the decisions rendered under them leads me to the conclusion that Section 770, supra, was intended to apply, and is to be applied, only to those cases wherein the voyage was between two or more states bordering the Great Lakes and their connections.

First, it will be seen that the Act of 1789, § 9, 1 Stat. 76, which conferred jurisdiction upon the District Courts in civil causes in admiralty, provides that such courts "shall * * * have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, * * * where the seizures are made, on waters which are navigable from the sea by vessels of ten or more tons burthen." Aside from the navigable rivers which flow into the sea the geography of the territory within the United States shows no waters to which it (Sec. 770, supra) could be applied, other than the Great Lakes and their connections.

The cases involving the construction of the Act of 1845 were those involving shipping upon the Great Lakes. Different opinions clearly point out the intended application of the statute to the Great Lakes and their connections. The Genesee Chief v. Fitzhugh, supra, arose out of a collision on Lake Ontario. The court there points to these lakes as bordering on the States and a foreign nation, the commerce between these which is subject to the hazards that attend commerce on the ocean and states that "every reason which existed for the grant of admiralty jurisdiction to the general government on the Atlantic seas, applies with equal force to the lakes." The Eagle, supra, arose over the towing of a brig and barge through the Detroit River en route from Michigan to Buffalo,

New York. In Jackson et al. v. Steamboat Magnolia, etc., 61 U.S. 296, 300, 20 How. 296, 15 L.Ed. 909, it was contended that the Act of 1845 extended to the great navigable rivers of the west but the court, after discussing the right of Congress to extend jurisdiction over all navigable waters, said: "Consequently, as Congress had never before 1845 conferred admiralty jurisdiction over the Northern fresh-water lakes not 'navigable from the sea,' the District Courts could not assume it by virtue of this clause in the Constitution." In The Western States, 2 Cir., 159 F. 354, 356, which arose out of the theft from a passenger on a steamboat on a voyage between Buffalo, New York, and Detroit, Michigan, in referring to the provision of Section 770 relative to a jury trial, the Judge said: "It applies only to the Great Lakes and waters connected therewith." Benedict on Admiralty, Vol. 1, sec. 225, Fifth Ed., says the Act of 1845 "was intended to extend the admiralty jurisdiction over the Great Lakes," and in 2 C.J.S. § 146, under the subject of admiralty, says: "A jury trial is expressly prohibited by statute, except in specified cases as to the Great Lakes." It seems clear that the intent was to apply the Act to the Great Lakes, and their connecting rivers alone. Admiralty does not extend to all navigable waters. Its limitation is to three types: the oceans, navigable rivers running into the oceans, and the Great Lakes and their connections. Each of these types comes within the purpose of the constitutional provision cited hereinbefore, and the intent of the statutes conferring jurisdiction.

Even though it is held that the New York Barge Canal between a point on Lake Erie and a point on Lake Ontario is construed as a navigable water connecting two of the Great Lakes, it is not believed that this is sufficient, but that the statute is applicable only when navigation is between places in two or more states, each of which is upon one of the Great Lakes or navigable waters connecting them. This is believed to be so both in the light of the language of Section 770, supra, and its application by the courts.

For the reasons hereinbefore assigned, the motion is granted.